# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sean Michael Ryan,

              Plaintiff,      Case No. 24-10539

v.                               Judith E. Levy
                               United States District Judge

Crane, *et al.*,

                               Mag. Judge Elizabeth A. Stafford

              Defendants.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [32] AND ADOPTING IN PART THE REPORT AND RECOMMENDATION [31]

On March 4, 2024, *pro se* Plaintiff Sean Michael Ryan filed this action against Defendants Jennifer Crane, Michael Ulch, Kim Napier, James Cooley, Kim Cargor, David Brassfield, and John Doe. (ECF No. 1.) On March 14, 2025, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") (ECF No. 31) recommending that the Court grant Defendants' motion to revoke *in forma pauperis* status, dismiss the action without prejudice, and deny as moot Defendants' motion to dismiss.

On March 28, 2025, Plaintiff filed one timely objection to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d).[1] (ECF No. 32.)

For the reasons set forth below, Plaintiff's objection is overruled. The R&R is adopted in part. Defendants' motion to revoke *in forma pauperis status* is granted, the action is dismissed without prejudice, and Defendants' motion to dismiss is denied as moot.

## I. Background

Ryan states that he suffers from 29 chronic medical conditions, ranging from carpal tunnel syndrome to advanced degenerative changes of the spine. (ECF No. 1, PageID.18–19.) As the R&R summarizes, Plaintiff alleges,

> In July and August 2023, Ryan tried to file in the Michigan Court of Appeals a petition for mandamus seeking an order compelling MDOC to provide him with medical care. Defendants refused to mail the petition. In October 2023, Ryan sought to file a civil rights complaint claiming that defendants denied him access to the courts. Defendants allegedly destroyed the complaint rather than mail it.

---

[1] Plaintiff also "request[s]" a "correction" of one defendant's name, since the R&R incorrectly identifies Defendant Crane's first name as "Richard." (ECF No. 32, PageID.432–433.) This request is moot. The docket still identifies Defendant Crane without a first name, and regardless, the Court dismisses the case.

2

(ECF No. 31, PageID.425–426 (internal citations omitted).) Plaintiff states that Defendants' actions place him "under threat of heart attack, paralysis, death, further medical complications and more." (ECF No. 1, PageID.19–20.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

3

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

#### A. Objection by Plaintiff

In Plaintiff's sole objection, he argues,

> Plaintiff did indeed show a sufficient nexus between His claims of imminent danger and The claims Brought in this instant action. Namely Plaintiffs claim states that he was in imminent danger of serious physical danger because he was attempting to obtain medical care for his serious medical needs that were being ignored and still are yet[.] The defendants in this case (jenifer crane et, al) deliberately and intentionally prevented Plaintiff from filing the court documents and serving the defendants Knowing that this action would prevent Plaintiff from obtaining the medical care he so desperately needs.

(ECF No. 32, PageID.432.)

This objection appears to restate arguments already presented to the Magistrate Judge. (*See* ECF No. 28, PageID.412–413.) As such, this objection is improper because it restates arguments already presented to the magistrate judge. *See Coleman-Bey*, 287 F. App'x at 422.

### B. Report and Recommendation

The Court has carefully reviewed the R&R. It concurs in the result and explains why the outcome is correct.

The R&R is correct that

> Section 1915(g) denies a prisoner the right to proceed IFP if he has previously, while incarcerated or detained, brought three actions or appeals that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*."

(ECF No. 31, PageID.424–425 (emphasis added).) It is also correct that courts in this district consistently apply a requirement that "there must be a nexus between the imminent danger alleged and the legal claims advanced in the complaint."[2] (*Id.* at PageID.426 (citing *Vandiver v.*

---

[2] As the R&R notes, "the Sixth Circuit has not directly decided the issue," but "it affirmed a district court's application of the nexus requirement, finding no abuse of discretion without any controlling authority rejecting the requirement." (*Id.* at PageID.426–427 (citing *Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. 2018).) "[T]his Court concurs with the uniform opinion of all seven circuits that have addressed the issue: some nexus between the imminent danger and the claims

5

*Schley*, No. 24-12282, 2024 WL 5049259, at *2 (E.D. Mich. Dec. 9, 2024) and *LaPine v. Doe*, No. 19-10095, 2019 WL 11316664, at *2 (E.D. Mich. July 29, 2019)).)

> Here, the Magistrate Judge determined that
>
> [t]here is no nexus between Ryan's alleged risk of physical harm and his claims that defendants prevented him from mailing his court filings. The physical harm stems not from the alleged refusal to mail the filings but from the lack of medical care—which Ryan has litigated in several other actions, two of which remain pending.

(*Id.* at PageID.427.) The R&R cites a Pennsylvania case in which a court found that imminent dangers related to medical care shared no nexus with the plaintiff's claims that the defendants refused to give him grievance forms or process his grievances. *McCarthy v. Ebbert*, No. 17-0399, 2017 WL 2243021, at *2 (M.D. Pa. May 23, 2017). The R&R similarly rejects Plaintiff's claim that his risk of imminent physical harm has a nexus with the allegations that Defendants prevented him from mailing his court filings.

> The D.C. Circuit Court of Appeals recently summarized,
>
> [T]he circuits have split on the nexus test. *Compare Pettus*, 554 F.3d at 297 *with Hall v. United States*, 44 F.4th 218, 231 (4th Cir. 2022).

---

raised is required in order to protect the meaning of the entire provision." *Grossman v. Schroeder,* No. 24-190, 2024 WL 5182179, at *5 (W.D. Mich. Dec. 20, 2024).

6

> The government asks us to adopt the Second Circuit's test that mimics "ordinary standing rules," i.e., the prisoner-litigant's complaint must "seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint." *Pettus*, 554 F.3d at 297. Amicus counters that the Fourth Circuit's approach—requiring traceability, but not redressability—is the better test.

*Owlfeather-Gorbey v. Avery*, 119 F.4th 78, 87–88 (D.C. Cir. 2024). The Court need not weigh in on the split because Plaintiff fails to satisfy traceability, which is required by both tests.

Plaintiff's allegations that Defendants prevented him from filing a petition for mandamus and a civil rights complaint are too attenuated from the alleged imminent danger of serious physical injury to conclude that this danger may fairly be traced back to the asserted wrongs of interfering with his mail. The Court takes judicial notice that Plaintiff has two open cases that directly address his medical concerns.[3] *See Ryan v. Watson*, Case No. 24-11534 (E.D. Mich.); *Ryan v. Michigan*, Case No.

---

[3] When resolving a motion to revoke *in forma pauperis* status, the Court "may take judicial notice of 'a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' In this case, [the Court] may take judicial notice of proceedings in courts of record." *Bismillah v. Mohr*, No. 16-1374, 2018 WL 4573268, at *2 n.1 (N.D. Ohio Sept. 24, 2018) (citing Fed. R. Evid. 201 and *Granader v. Public Bank*, 417 F.2d 75, 82 (6th Cir. 1969)).

7

22-13002 (E.D. Mich.). In one case, Plaintiff mailed a notice on May 23, 2025, and it was entered on the docket on May 28, 2025. (Case No. 24-11534, ECF No. 11, PageID.233.) In the other, Plaintiff mailed a motion on July 18, 2025, and it was entered on the docket on July 31, 2025. (Case No. 22-13002, ECF No. 96, PageID.2216.) The Court therefore notes that Plaintiff can and does pursue avenues that involve the use of the mail besides the mandamus and civil rights case to address his medical concerns. This lends support to the Magistrate's determination that his alleged imminent harm cannot be fairly traceable to the alleged actions of Defendants.[4]

The Court adopts the result of the R&R and dismisses the case. Because this case is dismissed without prejudice, Plaintiff may file a new complaint with full payment of the filing fee if he chooses to pursue these arguments in a new case. *See Schley*, 2024 WL 5049259, at *3.

## IV. Conclusion

---

[4] The Court leaves open the possibility that in another case, a prisoner could allege a sufficient nexus between interference with their mail and the imminent danger of denial of access to medical care. However, the facts in this case show no such nexus.

8

For the reasons set forth above, the Report and Recommendation (ECF No. 31) is ADOPTED IN PART, and Plaintiff's objection (ECF No. 32) is OVERRULED. The case is DISMISSED under 28 U.S.C. § 1915(g) without prejudice to filing a new complaint with full payment of the $405 filing fee. Defendant's motion to revoke Plaintiff's *in forma pauperis* status (ECF No. 25) is GRANTED, and Defendants' motion to dismiss the action (ECF No. 22) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: August 14, 2025　　　　　　s/Judith E. Levy
　　　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2025.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager

9